### WOOLCOTT v. WOOLCOTT.

DEEDS—SUPPORT OF GRANTOR—PROVISION.

Where a father conveyed land to his son on condition that the latter should support him during the remainder of his life, and the father subsequently left the son's residence after a quarrel which the father provoked, he is only entitled to recover from the son for reasonable expenditures made for his support and a reasonable provision for the future.

Appeal from Berrien; Coolidge, J. Submitted October 21, 1904. (Docket No. 72.) Decided November 9, 1904.

Bill by Samuel Woolcott against Elmer L. Woolcott and Elizabeth A. Woolcott to set aside certain deeds. On settlement of the decree, defendants appeal. Modified.

*G. M. Valentine* and *G. W. Bridgman*, for complainant.

*Gore & Harvey*, for defendants.

MONTGOMERY, J.   This case was before the court for consideration at the June term of 1903, and is reported in 133 Mich. 643.   We there determined the rights of the respective parties in the land involved, and remanded the case to the circuit court in chancery to ascertain the cost of complainant's support after he ceased to live with defendants, and what will be a proper allowance for the future.   From a decree of the circuit judge fixing these amounts the defendants appeal.

The decree awarded for the period up to the date of the decree $5 per week for board, $75 per year for clothing, $100 per year for incidentals, and $40 per year for medical attendance.

An examination of the testimony discloses that complainant was not able to state with entire accuracy all of his expenditures.   Perhaps this was to be expected, and we ought not to split hairs in an attempt to make provision for the complainant's remaining days.   Yet we are bound to limit the allowance to compensation for reasonable past expenditures and to a reasonable provision for the future.

We think, under the proofs, an allowance of $5 per week for board, while fairly liberal for the locality, was not excessive.   The allowance for clothing was higher than complainant's testimony supports.   This should be fixed at $50 per year.   We think the item of $100 for incidentals should be deemed sufficient to include medical attendance.   The total allowance up to date of decree below should be at the rate of $410 per year, and for the future $8 per week.   The provision for future application to the court in case of changed conditions will be retained in the decree.   Defendants will have credit for payments made toward the complainant's support since the former

hearing. The terms of the decree as to the remedy for enforcement of this order, if not agreed upon by counsel, will be fixed upon settlement of the decree.

The other Justices concurred.